Winn *v*. Mutual Life Association.

(*Nashville.*    February 24, 1898.)

Pleading and Practice.    *Objection to, comes too late, when.*

Objection by an unsuccessful plaintiff, made after verdict, and
for the first time in this Court, that "not guilty" is not the
general issue or equivalent thereto, in an action upon a policy
of life insurance, comes too late and is unavailing.

Code construed: §§ 4602–4604 (S.); §§ 3593, 3594 (M. & V.); §§ 2881,
2882 (T. & S.).

Cases cited and approved: Bledsoe *v*. Chouning, 1 Hum., 85; Grant
*v*. Jennings, 1 Cold., 54; Shirley *v*. Keathy, 4 Cold., 33; Rail-
road *v*. Conk, 11 Heis., 575; Fry *v*. Tippett, 16 Lea, 516; San-
ders *v*. Young, 1 Head, 218; Carter *v*. Graves, 9 Yer., 446; 2
Strange, 1022: 8 S. & R., 441.

Cases cited and distinguished: Insurance Co. *v*. Thornton, 97
Tenn., 1.

FROM DAVIDSON.

Appeal in error from Circuit Court of Davidson
County.   J. W. Bonner, J.

Attorney - general Pickle and W. D. Covington
for Winn.

Champion, Head &. Brown for Mutual Life As-
sociation.

Beard, J.   This action was brought by the
plaintiff to recover on a policy of insurance issued

by the defendant company on the life of her lately deceased husband, of which she was the beneficiary. On the trial in the Court below there was a verdict for the defendant, and one of the errors assigned here is that the trial was without an issue, inasmuch as the defendant put in the plea of "not guilty," and relied upon it as the sole defense to the plaintiff's declaration. This objection is made, for the first time, in this Court. Although the record discloses five trials in the Court below, and on this plea alone, yet at no stage of the proceedings in that Court was the attention of the trial Judge challenged to it as improperly filed, by demurrer or otherwise. On this last trial the whole controversy arising upon the issuance and the alleged forfeiture of the policy, was submitted to the jury upon the assumption, by both parties, that this plea was that of the general issue. This being so, it is clear that if the verdict had been in favor of the plaintiff the defendant would not have been heard afterwards to complain that the trial had proceeded upon an immaterial issue. *Bledsoe* v. *Chowning*, 1 Hum., 85. The plaintiff having failed, in the Court below, to avail herself of her right to treat this plea as a nullity (*Insurance Co.* v. *Thornton*, 97 Tenn., 1), and the case, after a trial on the merits, having resulted in a verdict against her, will she be permitted, raising her objection for the first time in this Court, to impeach the judgment on that ground?

While the (Shannon's) Code (§§ 4602–4604) en-

forces the necessity of correct pleading, and imposes
on the Court the duty of seeing "that the rules of
pleading are substantially adhered to," yet it is well
settled in this State, that if parties choose to make
even radical departures from these rules, neither will
be heard to complain of such departure when the
case reaches this Court.   In *Grant* v. *Jennings*, 1
Cold., 54, after characterizing "pleas in short" as
frivolous and as nullities, speaking through Judge
McKinney, this Court said, yet, "if the parties shall
choose to go to trial upon such issues, and the Court,
regardless of the positive injunction of the statute,
shall tolerate them in doing so, we think the objec-
tion to such pleading could not be taken after ver-
dict by either party."   This rule of practice, as to
such pleas, is affirmed in *Shirley* v. *Keathy*, 4 Cold.,
33; *Railroad* v. *Conk*, 11 Heis., 575; *Fry* v. *Tippett*,
16 Lea, 516.

This is in harmony with the common law rule
that every fair and reasonable intendment will be
indulged in, from the allegations in the record, to
support a verdict (*Insurance Co.* v. *Thornton, supra*),
this intendment being invoked, as it is in the present
case, by the party securing the verdict.   While this
rule was not in terms referred to, yet it was, in
effect, recognized in *Sanders* v. *Young*, 1 Head, 218.
That was an action against the keeper of a ferry
for the loss of an animal while being carried across
the river on his boat.   To the declaration there
were several pleas, among them being an informal

plea of not guilty, "not inappropriate," as is said in the opinion, "to the gravamen of the action, as laid in the declaration." This was struck out by order of the trial Judge, and his action in this regard was complained of as erroneous, but as the record disclosed that "under a less formal and less appropriate plea—a sort of plea of *non assumpsit*—he (the defendant) was permitted to bring out and avail himself fully of all matters of defense," it was held that, however subject to criticism, yet it was not error for which the judgment of plaintiff below should be reversed. Also, in recognition of this rule of intendment, in *Carter* v. *Graves*, 9 Yer., 446, it was said "the plea of not guilty is not a good plea to an action of assumpsit, but is maintained after verdict, as amounting to a general issue of *non assumpsit.*"

Even in those Courts where the forms of common law pleading were most observed, this practice has been adopted. In *Marshown* v. *Gibbs*, 2 Strange, 1022, the plaintiff demurred to the defendant's plea of not guilty to his (plaintiff's) demand in assumpsit, and the Court said, "that though it [the plea] would be good after verdict, yet it was ill on demurrer." In *Cavenee* v. *McMichael*, 8 S. & R., 441, it was held that the plea of "not guilty in assumpsit is cured by verdict." To the same effect is *Hunnicutt* v. *Cowley*, 1 Hen. & Mun., 53.

But it is urged that *Ins. Co.* v. *Thornton, supra*, is authority for this assignment of error. That case,

however, is easily distinguishable from this, in that the insurance company, in answer to a declaration on four tickets of accident insurance of $3,000 each, plead as the general issue the false or immaterial plea of "not guilty," and certain special pleas, in each of which it relied on a breach of a condition, indorsed on those tickets to defeat recovery. One of the conditions on the back of the tickets was that "the insurance which may be issued to any one person, under the company's accident tickets, is limited to two tickets, aggregating $6,000," etc.; but a breach of this condition was not covered or relied on in any special plea. In this state of the record, the plaintiff below made a recovery for the full amount of the insurance claimed, to wit: $12,000 and interest. On appeal, it was insisted that the last condition was a limitation on the power of the agent who sold the tickets that could not be waived. by him. In answer to this contention, this Court said that the insurance company could not avail itself, under a false plea of the general issue, of a condition to defeat the plaintiff's recovery, and the case was treated as having been tried alone upon the special pleas. In disposing of the cause on this point, the Court was careful to discriminate it from a case like the one at bar, by saying "that a verdict in favor of the defendant going to trial upon a false plea is not involved in this discussion. Where such is the case, anything that can be will be implied by fair and reasonable intendment from the

allegations in the record to support the verdict.''
So we have now a case falling directly within this
reservation. Other assignments of error are disposed
of in a full written memorandum filed with the
record.

We discover no error in the action of the Court
below, and its judgment is therefore affirmed.